#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UKEENAN THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> WALT PESTERFIELD, *et al.*, <br><br> Defendants. | Civil Action No.:  SAG-23-2431 |

### MEMORANDUM OPINION

Plaintiff Ukeenan Thomas, who is currently incarcerated at Baltimore County Detention Center ("BCDC"), brings this civil rights action against Director Walt Pesterfield, Deputy Director Hilary Siakor-Sirleaf, Sgt. Paige, Sgt. Carter, and BCDC.  Am. Compl., ECF No. 5-3.  On February 27, 2024, Defendants moved to dismiss the Amended Complaint.  ECF No. 11.  Thomas opposes the Motion.  ECF Nos. 16, 17.  This matter is now ripe and ready for review.  No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons discussed below, Defendants' Motion will be granted.

**I.      Background**

In his Amended Complaint, Thomas alleges that since April 2023, BCDC has been infested with mice that have eaten through his food and ruined his property.  ECF No. 5-3 at 4.  Thomas was also bitten by a mouse in the shower on his tier.  *Id.*  He asserts that he complained to different officers about the mice, mold in the showers, and dirty water from the faucets.  *Id.*  According to Thomas, none of the Defendants took the necessary steps to fix these issues.  *Id.* at 4-5.  Thomas seeks monetary damages.  *Id.* at 5.

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Thomas] need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Thomas is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Analysis

Defendants raise the affirmative defense that Thomas failed to exhaust his administrative remedies. ECF No. 11-1 at 3. The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

The doctrine governing exhaustion of administrative remedies has been well established through administrative law jurisprudence. It provides that a plaintiff is not entitled to judicial relief until the prescribed administrative remedies have been exhausted. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Therefore, a claim that has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). In other words, exhaustion is mandatory, and a court ordinarily may not excuse a failure to exhaust. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall'… normally creates an obligation impervious to judicial discretion") (alteration in original)).

However, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Bock*, 549 U.S. at 215–216; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

The PLRA's exhaustion requirement serves several purposes. These include "allowing a prison to address complaints about the program it administers before being subjected to suit,

reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219; *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (recognizing that exhaustion provides prison officials with the opportunity to respond to a complaint through proper use of administrative remedies). It is designed so that prisoners "pursue administrative grievances until they receive a final denial of their claim[s], appealing through all available stages in the administrative process" so that the agency reaches a decision on the merits. *Chase*, 286 F. Supp. 2d at 530; s*ee also Gibbs v. Bureau of Prison Off.*, 986 F. Supp. 941, 943–44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust where he did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after prison authority denied relief"); *see also Griffin v. Bryant*, 56 F.4th 328 (4th Cir. 2022) (recognizing PLRA's "strict" requirement to exhaust all available administrative remedies").

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("The … PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines …." *Woodford*, 548 U.S. at 88. This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not

procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (finding that "the inmate cannot be required to exhaust [administrative remedies] … when prison officials prevent inmates from using the administrative process").

Pursuant to Baltimore County Department of Correction Policy 3.3.03, inmates are required to use a formal complaint process. Exhibit 1, ECF No. 11-2 at 2-5. If inmates cannot resolve the issue informally, they are provided an Inmate Complaint Form on which to submit a formal complaint to the BCDC Director's designee. *Id.* at 3. The complaint is reviewed and assigned to a supervisor for investigation. *Id.* Within 7 days, the supervisor is required to interview the inmate, investigate the complaint, interview any staff involved, and forward their findings to the Director's designee. *Id.* Within 15 days of receiving the complaint, the Director's designee must forward a response with their decision and rationale to the inmate and several designated staff members. *Id.*

With their Motion, Defendants submit an affidavit from Stephen Verch, a management analyst who processes BCDC inmates' formal complaint forms. Exhibit 2, ECF No. 11-2 at 6-7. Verch attests that there is no record of Thomas having filed an Inmate Complaint Form concerning the issues raised in the Amended Complaint between April 1, 2023, and January 31, 2024.[1] *Id.* at 7. Opposing the Motion, Thomas generally claims that he wrote to "the people who [Thomas] was told to contact" but never received any response. ECF No 17 at 1. However, Thomas's general statements are insufficient to demonstrate that he either filed the required Inmate Complaint Form

---

[1] Defendants also rely on Thomas's original Complaint in which he responded in the negative to a question on the form asking whether he had filed a grievance according to his prison's administrative remedy procedure. ECF No. 11-1. However, on October 4, 2023, the Court instructed Thomas to file an amended complaint and noted that any amended complaint would replace the original complaint as the operative pleading in this case. ECF No. 4. Thomas filed his Amended Complaint on November 3, 2023; it does not make any reference to the grievance process. ECF No. 5-3. As such, this argument is unavailing in support of Defendants' exhaustion defense.

or that the administrative remedy process was unavailable to him. As such, the Court finds that Defendants have met their burden to show that Thomas failed to exhaust the available administrative remedies.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted.[2] The Amended Complaint is dismissed without prejudice. A separate Order follows.

August 14, 2024                          _____/s/_____
Date                                                 Stephanie A. Gallagher
                                                        United States District Judge

---

[2] Because Defendants' Motion will be granted due to Thomas's failure to exhaust his claims, the Court need not address the remaining arguments raised by Defendants.